UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Mark Falk |
| v. | Mag No. 11-3564 |
| DOMINIQUE AUSTON | CRIMINAL COMPLAINT |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief. On or about June 15, 2009, in Essex County, in the District of New Jersey and elsewhere, defendant DOMINIQUE AUSTON did:

> knowingly and intentionally conspire and agree with Marquis Works and others to distribute and possess with intent to distribute 5 grams or more of a mixture or substance which contains cocaine base, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Section 841(a) and (b)(1)(B),

in violation of Title 21, United States Code, Sections 846.

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

SEE ATTACHMENT A

continued on the attached page and made a part hereof.

Sandra Sanchez, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
April 6, 2011, at Newark, New Jersey

HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE        Signature of Judicial Officer

Attachment A

      I, Sandra Sanchez, am a Special Agent with the Federal Bureau of Investigation. I have knowledge of the following facts based upon my investigation, review of reports and discussions with other law enforcement personnel and others. All statements herein are set forth in substance and in part:

      1. On or about June 15, 2009, a confidential informant ("CI"), with a proven record of reliability and credibility and acting under the direction and supervision of law enforcement, telephoned Marquis Works to purchase a quantity of crack cocaine.

      2. On or about that same day, Works and defendant DOMINIQUE AUSTON, in one car, met with the CI, in a separate car, at a prearranged location in Newark, New Jersey. The CI followed Works and defendant AUSTON went to a different location in Newark. The CI exited the car and entered the car with Works and defendant AUSTON. Works introduced the CI to "Dom", and the CI then handed Works approximately $ 3,700.00. Works and defendant AUSTON counted the money. Defendant AUSTON explained that her sources ran a "family business" and that she would be the "one to go in." She then left Works and the CI and entered a nearby business establishment

      3. After a short period of time, defendant DOMINQUE AUSTON returned to the car. Works offered a .45 caliber handgun to the CI for protection, but defendant AUSTON advised the CI, in sum and substance, that "this my strip right here" and that if "they see me," the CI would be "good." She and Works then left the CI and entered the same nearby business establishment.

      4. After a short period of time, defendant DOMINQUE AUSTON and Works returned to the car. Works then handed the CI a clear, plastic baggie containing a white rock-like substance. The CI left their car, returned to the other car and departed.

      5. This transaction was monitored by law enforcement and consensually video and audio-recorded. The white-rock like substance field-tested positive for the presence of cocaine and weighed approximately 100 grams including packaging. Subsequent laboratory tests indicate that the white-rock like substance contained a net weight of 96.4 grams of cocaine base.